**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-56570 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-01186-VAP-JEM |
| v. | |
| GREGORY FRANK SPEROW, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30035 |
| Plaintiff-Appellee, | D.C. No. 1:06-cr-00126-BLW-2 |
| v. | |
| GREGORY FRANK SPEROW, | MEMORANDUM |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 4, 2020[]

Before:  FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

In Appeal No. 18-56570, Gregory Frank Sperow appealed from the district court's dismissal of his motion for return of property under Federal Rule of Criminal Procedure 41(g).  In his reply brief, however, he requested to withdraw the appeal.  We treat this request as a motion for voluntary dismissal.  So treated, the motion is granted and this appeal is dismissed.  *See* Fed. R. App. P. 42(b).

In Appeal No. 19-30035, Sperow challenges the district court's final order of forfeiture for the Mount Pleasant property.  The government contends that this appeal is barred by a valid appeal waiver.  We review de novo whether a defendant has waived his right to appeal.  *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011).  The terms of the appeal waiver in Sperow's plea agreement unambiguously encompass the claims raised in this appeal.  *See id*.  The record belies Sperow's contentions that the district court modified the terms of his plea agreement to exclude the Mount Pleasant property from forfeiture and that the government breached the plea agreement.  The record further belies Sperow's contention that he "provided complete and truthful cooperation" sufficient to trigger the government's obligation not to seek final forfeiture of the Mount

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pleasant property to the extent it was obtained through legitimate means. Accordingly, we do not reach the merits of Sperow's challenge to the district court's final order of forfeiture, but instead dismiss pursuant to the valid waiver. *See id.* at 1207.

**Appeal Nos. 18-56570 & 19-30055: DISMISSED.**